**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 11-20074-CM |
| ) | Civil Case No. 12-2776-CM |
| CRAIG WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant filed a pro se motion under 28 U.S.C. § 2255 asserting two arguments that his counsel was constitutionally ineffective. To establish these claims, defendant must demonstrate that (1) his counsel's conduct fell below an objective standard of reasonableness, and (2) defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Because defendant fails to make this showing, the court denies defendant's motion.

### Guideline Sentence

Defendant first argues that his counsel was constitutionally ineffective because counsel failed to tell defendant that defendant's guideline sentencing range was 60 to 71 months and, instead, allowed defendant to enter a Rule 11(c)(1)(C) plea to 87 months' imprisonment. For this claim, defendant fails to demonstrate either *Strickland* prong. Defendant has not shown deficient performance. Instead, it appears that his counsel acted reasonably and secured a beneficial plea agreement for defendant. *See Strickland*, 466 U.S. at 690 (explaining that to show this prong, the defendant must demonstrate that counsel's conduct was "outside the wide range of professionally competent assistance"). Defendant was charged in a two-count indictment and faced a minimum sentence of 120 months' imprisonment if

convicted on both counts.[1]  His attorney negotiated a plea agreement that proposed a sentence of 87 months' imprisonment for Count 1 and dismissed Count 2.  Although the proposed sentence was higher than defendant's guideline range for Count 1, it was substantially less than defendant would have received had he been convicted of both counts.  Given these facts, counsel's performance was not deficient.

Defendant argues that he did not know the proposed sentence was above the guideline range for Count 1.  The overwhelming evidence before the court indicates otherwise.  Defendant reviewed the plea agreement with his attorney and knew it proposed a sentence of 87 months' imprisonment.  Defendant also reviewed the Presentence Investigation Report ("PSIR"), which recommended a guideline range of 60 to 71 months' imprisonment for Count 1.  At the sentencing hearing, the court determined that the PSIR correctly calculated the guideline range.[2]  After this announcement, but before the court imposed the sentence, defendant's attorney urged the court to adopt the proposed sentence even though it was above the guideline range because it represented a compromise sentence for both counts.  These facts demonstrate that defendant was informed on <u>multiple</u> occasions that the proposed sentence was above the guideline range for Count 1.

Defendant also has not shown prejudice.  *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (explaining that the test is whether the defendant can show a reasonable probability that, absent counsel's deficiencies, the end result of the criminal process would have been more favorable to the defendant).  Rather, he argues that he would have sought a new plea agreement within the guideline range had he known the proposed sentence was above it.  But this argument assumes—

---

[1]   Defendant was charged in a two-count indictment for (1) possession with intent to distribute more than 28 grams of cocaine base under 21 U.S.C. § 841(b)(1)(B), and (2) possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).

[2]   There were no objections to the Presentence Investigation Report.

without any supporting facts—that the government would have considered a plea agreement that proposed a sentence of 60 to 71 months' imprisonment for both counts. Without any supporting factual allegations, defendant has not carried his burden for this argument. Defendant's first argument fails.

**Notice of Appeal**

Defendant also argues that his counsel was constitutionally ineffective because counsel did not file a notice of appeal regarding defendant's sentence. Defendant does not contend that he timely instructed counsel to file a notice of appeal or that he reasonably demonstrated he was interested in an appeal. Therefore, to prevail on this argument, defendant must demonstrate that there was reason for counsel to think that a rational defendant would want to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478–80 (2000) (applying *Strickland* in the failure to appeal context and explaining that absent a specific instruction from the defendant, counsel only "has a constitutionally imposed duty" to file a notice of appeal if defendant has indicated an interest in appealing or there is reason to think a rational defendant would want to appeal).

Defendant does not make this showing. Defendant entered a plea agreement with an agreed upon sentence that the court imposed. In addition, his plea agreement waived his right to appeal the components of the sentence. This waiver is not dispositive of the issue, but it supports the conclusion that there was no reason for counsel to think that a rational defendant would want to appeal. For these reasons, defendant's second argument fails.

**Certificate of Appealability**

The court is mindful of defendant's pro se status and liberally construes his motion. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Even with this generous review, however, defendant

has not shown that reasonable jurists could debate whether his motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As such, the court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2255 Proceedings (requiring courts to issue or deny a certificate of appealability when the court enters a final order adverse to the applicant).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 29) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 12th day of March, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge